**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Mutuberria,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　Respondents. | No. CV-19-05057-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 17) issued by Magistrate Judge James F. Metcalf recommending that the Court deny Petitioner Michael Mutuberria's Petition under 28 U.S.C. § 2254 (Doc. 1). Petitioner filed an objection to the R&R. (Doc. 18.) The Court denies Petitioner's Motion and adopts the R&R.

## BACKGROUND

Petitioner was charged with misconduct involving weapons in August 2013. (Doc. 17 at 1.) In September 2014, Petitioner proceeded to trial, which resulted in a mistrial due to a hung jury. *Id.* The following exchange took place during Petitioner's direct examination in the first trial:

> [Mr. Urbano]: Do you remember when I engaged in representing you we talked about the attorney-client privilege?
> [Petitioner]: Yes, I do.
> . . .

> [Mr. Urbano]: The question I have to ask you, as we discussed, I'm going to have to ask you to waive that privilege. Are you willing to do that?
> The Court: Counsel, please approach for a second.
> (Bench conference.)
> The Court: Where are you going with this?
> Mr. Urbano: My client wants to tell the story about what happened.
> The Court: Ask him questions about what happened. Based on that just ask what happened. The state will not be able - -
> Mr. Urbano: The question - - I have to ask a question that's in order to do that he would have to waive privilege.
> The Court: You have to tread very, very carefully. If you want to ask what happened based on your avowal. Go ahead.
> Mr. Urbano: Thank you.
> . . .
> The Court: The parties are present, the jury is not.
> Mr. Urbano: Your Honor, may I approach with an ex-parte to the Judge?
> The Court: No, it would be improper. For the record, there were some concerns. We cannot broach the attorney-client privilege. We're not going to broach it. We haven't broached it before and we're not going to broach it again. Counsel, if you do have any ethical considerations you'll proceed as appropriate based on as is appropriate. Mr. Mutuberria certainly has the right to testify and then you can tell as to what happened and he would be subject to cross-examination. I'll leave it at that. No ex-parte communication between counsel and the Court. Are we understanding about that?
> Mr. Urbano: Yes, sir. Let me ask my client a few questions.
> The Court: You can talk to him privately. I'm not going to have you - - the jury is not here.
> Mr. Urbano: I don't mean about the case, Your Honor, that he's clear in understanding that he doesn't have the right to - - I'm sorry, that he has the right to not testify and that he indeed wants to say what happened.
> The Court: I meant to ask that question. Thank you for bringing it up. Sir, you have the absolute right not to testify and you are under no obligation to present evidence, you meaning the defense. The question of whether you testify or not is your decision in consultation with your attorney. Do you understand that?
> [Petitioner]: Yes.
> The Court: You do not have to testify. Is it your decision to testify?
> [Petitioner]: Yes, it is.

(Doc. 14–3, Ex. E.)

Petitioner proceeded to a second trial in October 2014. (Doc. 17 at 1.) During the second trial, the following exchange took place:

- 2 -

> The Court: All right. We are on the record in State versus Mr. Mutuberria. All the parties are present. The jury is not in the room. We had prior discussions last night, in which it was indicated, Mr. Urbano, that you were going to be speaking with [Petitioner]. Has a discussion been made about whether he's going to take the stand or not?
> Mr. Urbano: Yes, your Honor. My client will not take the stand.
> The Court: Not take the stand. . . . Sir, is that true, is that what you - - your decision?
> [Petitioner]: Yes
> The Court: Okay. And you've had time to think about it?
> [Petitioner]: Yes.

(Doc. 14–8.) Petitioner did not testify during the second trial and was found guilty of weapons misconduct. (Doc. 17 at 1.)

Following his conviction, Petitioner filed a direct appeal to the Arizona Court of Appeals. *Id.* at 2. Petitioner asserted that his counsel improperly informed him that his testimony was conditioned upon a waiver of attorney-client privilege and that this condition interfered with his ability to testify in both trials. (Doc. 12–6 at 5.) The Court of Appeals rejected Petitioner's claims. *Id.* As relevant here, the Court of Appeals stated that it did not need to address whether Petitioner's right to testify was unconstitutionally conditioned in the first trial because a mistrial was granted. *Id.* The Court of Appeals also explained that "it is not within the purview of the trial court to question a defendant's decision not to testify." *Id.*

On August 29, 2019, Petitioner filed his habeas petition, alleging that the trial court violated his Sixth and Fourteenth Amendment rights by "knowingly allowing trial counsel to impose a condition on [Petitioner's] right to testify of waiver of the attorney-client relationship and waiver of attorney-client privilege" and that his trial counsel violated his Sixth Amendment rights by preventing him from testifying at trial. (Doc. 3 at 2.) The Magistrate Judge found neither ground meritorious. (Doc. 17 at 18.)

## DISCUSSION

### I. Legal Standard

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and

recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

**II.    Analysis**

In his objection, Petitioner argues that the trial court "knowingly imposed a condition on Petitioner['s] right to testify in both trials" and should have made sure he knew he had the right to testify without waiving his attorney-client privilege. (Doc. 18 at 5, 9.)

When a state court has rejected a claim on the merits, a federal habeas court may only issue a writ if the "state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In determining whether a state court ruling is contrary to or involves an unreasonable application of federal law, courts look to the holdings of the Supreme Court that existed at the time of the state court's decision. *See Greene v. Fisher*, 565 U.S. 34, 40 (2011); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). The state court's decision is contrary to federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (internal quotations and citations omitted). A decision is an unreasonable application of federal law if the state court identifies the correct rule but unreasonably applies it to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005).

The Arizona Court of Appeals' decision is not contrary to or an unreasonable application of clearly established Supreme Court authority. First, any violation of Petitioner's rights in the first trial was cured by the resulting mistrial and did not carry over into the second trial. Second, it is not clearly established that the trial court should have informed Petitioner during the second trial that he had a right to testify without waiving his attorney-client privilege. Circuit courts are split on whether a trial court has a duty to advise a defendant of the right to testify or to ensure that the defendant makes a knowing and voluntary waiver of the right. *See Frank v. Asuncion*, No. ED CV 16-278-CJC (SP), 2019 WL 4579327, at *18 (C.D. Cal. July 12, 2019) (discussing the circuit split). Under Ninth Circuit precedent, for instance, a district court "has no duty to affirmatively inform defendants of their right to testify, or to inquire whether they wish to exercise that right." *United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999). Petitioner points to no Supreme Court holding, nor is the Court aware of such a holding, that requires a trial court to inquire into whether a defendant has made a knowing and voluntary waiver of his right to testify. Accordingly, Petitioner's Objection is overruled.

## CONCLUSION

Having reviewed the record as it relates to Petitioner's objection *de novo*, the Court accepts the R&R and denies the Petitioner's Motion. Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner Michael Mutuberria's Objection to Report and Recommendation for Writ of Habeas Corpus (Doc. 18) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge James F. Metcalf (Doc. 17) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action and enter judgment accordingly.

Dated this 15th day of April, 2021.

_____
G. Murray Snow
Chief United States District Judge